# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0647, <u>State of New Hampshire v. John Santiago</u>, the court on August 28, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The defendant, John Santiago, appeals his convictions, following a jury trial in Superior Court (<u>Delker</u>, J.), of possession of a controlled drug with intent to sell and conspiracy to sell a controlled drug. <u>See</u> RSA 318-B:2, I (2025); RSA 629:3 (2016). We affirm.

We recite the following facts and procedural history as contained in documents in the record before us. On September 19, 2019, the defendant was indicted on the charges on which he was later convicted. His first trial by jury, conducted in March 2023, ended in a mistrial due to jury deadlock. A new trial was scheduled to begin in May, but was rescheduled to August, and then to September.

On June 22, 2023, the defendant filed a motion to suppress "all evidence obtained pursuant to an [o]rder authorizing interception of telecommunications and/or oral communications." The motion sought suppression on the grounds that "'[t]he interception was not made in conformity with the [o]rder of authorization or approval.'" (Quoting RSA 570-A:9, IX(a) (2001).) Among other things, the motion argued that although the order required "that intercepted communications be first heard in the Northern District of Hillsborough County, . . . [t]here is an open question as to whether [the two contracted interpreters in the case] were within Hillsborough County's Northern District at all times during the telecommunications interceptions."

The trial court denied the motion in a margin order, stating:

Denied. The motion to suppress is untimely. The case has been scheduled for trial multiple times with repeated dispositional conference orders. The defendant has been given an opportunity in the past to file motions to suppress. The new trial date is not an opportunity to litigate matters which could have been litigated earlier in the case.

Following a jury trial held in September, the defendant was convicted on both counts. He now appeals, arguing that the trial court erred in denying his motion to suppress. He further argues that if his motion was untimely filed, his trial counsel, who is not his counsel on appeal, was ineffective. With respect to the first issue on appeal, the defendant also contends that if he failed to preserve any of his arguments relating to that issue, we should nevertheless find plain error. We need not address preservation because, even were we to assume, without deciding, that the arguments are preserved, we reject them.

We first consider the court's denial of the motion to suppress. "We review the trial court's decision to deny a motion to suppress as untimely for an unsustainable exercise of discretion." State v. Knight, 161 N.H. 338, 341 (2011). "To show that the trial court's decision is not sustainable, a party must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of that party's case." State v. Spaulding, 172 N.H. 205, 208 (2019) (quotation and brackets omitted).

The defendant first contends that his motion to suppress was timely filed under New Hampshire's wiretap statute, see RSA 570-A:9, IX(a), and New Hampshire Rule of Criminal Procedure 15(b). The wiretap statute provides, in relevant part, that a motion "to suppress the contents of any intercepted telecommunication or oral communication, or evidence derived therefrom . . . shall be made before the trial, hearing, or proceeding." RSA 570-A:9, IX(a). Rule 15(b) more specifically provides that the deadline for filing a motion to suppress "shall be sixty days after entry of a plea of not guilty in superior court or fifteen days after the dispositional conference, whichever is later." N.H. R. Crim. P. 15(b)(1). To the extent the defendant suggests that the broader statutory timeframe "preempts" Rule 15(b)'s more specific deadline, we decline to address that argument as the defendant has not adequately briefed it. Rather, he principally argues that his motion, filed on June 22, 2023, was timely filed "within fifteen days of the last dispositional hearing," on July 10, 2023.

The State argues that the only dispositional conference in this case was held in 2019 and that although "the trial court issued various orders on superior court forms entitled 'dispositional conference order,' these orders in 2021, 2022, and 2023 all were issued following a scheduling or a status conference, not a dispositional conference." Having reviewed the trial court docket sheet included in the appendix to the defendant's brief, we agree with the State. The dispositional conference in this case was held on December 17, 2019. The defendant's June 22, 2023 motion was filed well beyond "fifteen days after [that] dispositional conference," N.H. R. Crim. P. 15(b)(1), and was therefore untimely.

The defendant nevertheless contends that even if his motion was untimely, "the court unsustainably exercised its discretion in failing to schedule a hearing on the motion." We need not address the defendant's argument that the trial court's ruling prejudiced his case, because he has failed to demonstrate that the court's ruling was clearly untenable or unreasonable. See Spaulding, 172 N.H. at 208 (explaining unsustainable exercise of discretion standard). "Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases." Knight, 161 N.H. at 341 (quotation omitted). The defendant's motion was filed nearly three and a half years after the deadline set in Rule 15(b). We conclude that "the record establishes an objective basis sufficient to sustain the discretionary judgment made." Spaulding, 172 N.H. at 207-08.

The defendant next argues that his trial counsel was ineffective for failing to timely file the motion to suppress. We "strongly disfavor adjudication [of an ineffectiveness claim] on direct appeal." State v. Thompson, 161 N.H. 507, 527 (2011). Nevertheless, we have held that "direct review of such a claim may be permitted in certain, limited circumstances where all of the facts necessary to adjudicate the claim appear in the trial record." Id. at 524. The defendant argues that direct review under Thompson is appropriate in this case because his "claim may be resolved without the need to develop the facts beyond what is currently in the record." We agree.

"Both Part I, Article 15 of the State Constitution and the Sixth and Fourteenth Amendments to the Federal Constitution guarantee a criminal defendant reasonably competent assistance of counsel." State v. Fitzgerald, 173 N.H. 564, 573 (2020) (quotation omitted). We first address the defendant's claims under the New Hampshire Constitution, citing federal opinions for guidance only. Id.

> To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate, first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case. A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective. We have recognized that the preferable course in a challenge based on ineffective assistance of counsel is to require the defendant to prove, as a threshold matter, that the alleged error by counsel prejudiced his case.

Id. (citations omitted). "To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

3

the outcome." State v. Carnevale, 172 N.H. 700, 707-08 (2019) (quotation and brackets omitted).

The State argues that the defendant's ineffectiveness claim fails because even if his counsel had timely filed the motion to suppress, "it would not have succeeded on the merits." We agree. "The failure to file a suppression motion that would not have succeeded . . . cannot constitute ineffective assistance of counsel." State v. McGurk, 157 N.H. 765, 769-70 (2008).

The defendant's suppression motion cited testimony given by a Drug Enforcement Administration (DEA) agent at the defendant's first trial. Specifically, the motion noted that the agent testified that intercepted calls could be monitored at "workstations and the DEA offices around New England . . . [which] could include our DEA office in Bedford, New Hampshire, . . . one in Boston or down in New Haven." (Quotation omitted.) That testimony was given by the supervisor of the DEA's technical operations group, and, as the State points out, described how call interception is conducted in general. Testimony describing the call interception in this case was provided by a DEA special agent assigned to the Manchester district office who stated that the monitoring took place "[a]t our DEA office in Bedford, New Hampshire." We take judicial notice that Bedford is in the Northern District of Hillsborough County. See N.H. R. Ev. 201.

The State argues that had an evidentiary hearing on the suppression motion been held, it is unlikely that the special agent would have testified differently on this point. We agree. Indeed, the special agent testified at both the first and second trials that the intercepted calls were monitored in Bedford; it is improbable that he would have testified inconsistently in the interim. For the foregoing reasons, a motion seeking suppression on the basis that the intercepted communications were not first heard in the Northern District of Hillsborough County would not have succeeded. Accordingly, the defendant's ineffective assistance claim must fail. See McGurk, 157 N.H. at 769-70. "Because the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both the State and Federal Constitutions, we reach the same result under the Federal Constitution as we do under the State Constitution." State v. Chandler, 176 N.H. 216, 232 (2023).

Affirmed.

DONOVAN and COUNTWAY, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, II, concurred.

**Timothy A. Gudas,**
**Clerk**

4